William T. DUNN, d/b/a Tom's Amusement Company and Tom's Amusement Company, Inc., Plaintiffs–Appellees,

v.

BLUE RIDGE TELEPHONE COMPANY, Jones Vending Company, Inc., Defendants–Appellants.

Nos. 87–8837, 88–8158.

United States Court of Appeals, Eleventh Circuit.

April 6, 1989.

Trammell E. Vickery, James A. Gilbert, and H. Quigg Fletcher, III, Hansell & Post, Atlanta, Ga., for defendants-appellants.

R. Leslie Waycaster, Jr., Kinney, Kemp, Pickell, Sponcler & Joiner, Dalton, Ga., for plaintiffs-appellees.

Before TJOFLAT and FAY, Circuit Judges, and FAWSETT [*], District Judge.

## I.

TJOFLAT, Circuit Judge:

This case involves a dispute between William T. Dunn and two corporations owned and controlled by his late grandfather, Hoke Jones: Blue Ridge Telephone Company (the Telephone Company) and Jones Vending Company, Inc. The Telephone Company provides telephone service for Blue Ridge, Georgia; Jones Vending Company places and maintains coin-operated video games in business establishments in north Georgia, North Carolina and Tennessee.

Dunn worked for Jones Vending Company until September 1983, when he and Jones had a falling-out. After Dunn left the company, he started a competing business, operating under the name Tom's Amusement Company, and began to solicit his grandfather's customers. In retaliation, Jones had the Telephone Company tap Dunn's home telephone line, which Dunn used to conduct his vending machine business, and Jones subsequently listened in on some of Dunn's telephone calls.

Jones died in the early summer of 1986. On July 31, 1986, Dunn, doing business as Tom's Amusement Company, and Tom's Amusement Company, Inc. brought suit against the Telephone Company and Jones Vending Company, seeking damages for the telephone conversations Jones had monitored, purportedly on behalf of the defendant corporations. Plaintiffs sought relief under two federal statutes.[1] In count one, plaintiffs claimed liquidated and punitive

---

[*] Honorable Patricia C. Fawsett, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. The complaint also alleged an invasion of privacy claim under the United States and Georgia Constitutions, and a wiretap violation under state law. The plaintiffs subsequently abandoned these claims.

damages under 18 U.S.C. § 2520 (1982),[2] which provides a cause of action against anyone who illegally intercepts a telephone conversation. In count two, plaintiffs claimed compensatory and punitive damages under 47 U.S.C. § 605 (1982),[3] which, at the time this suit was brought, proscribed any unauthorized publication of wire and radio communications by any person who transmits or receives such communications.

According to the allegations of the complaint, Dunn, doing business as Tom's Amusement Company, was entitled to damages for the conversations monitored between September 3, 1983 and May 1984, when Dunn incorporated his business as Tom's Amusement Company, Inc. The corporate plaintiff, the complaint alleged, was entitled to recover for the conversations Jones monitored from the date of its incorporation until April 5, 1985.

After the defendants answered plaintiffs' complaint, denying that Jones had intercepted any of the plaintiffs' telephone conversations, the case came on for trial before a jury.[4] In their case in chief, the plaintiffs presented evidence indicating that Jones intercepted four of Dunn's business phone calls between January 1984 and September 9, 1984[5] through a wiretap installed on the Telephone Company's premises.[6] They did not establish, however, that any of Tom's Amusement Company, Inc.'s calls had been intercepted, having neglected to put on any evidence indicating that Dunn had incorporated his vending business.[7]

**2.** Section 2520 provides as follows:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person—
> (a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
> (b) punitive damages; and
> (c) a reasonable attorney's fee and other litigation costs reasonably incurred.
> A good faith reliance on a court order or legislative authorization shall constitute a complete defense to any civil or criminal action brought under this chapter or under any other law.
> 18 U.S.C. § 2520 (1982).

**3.** Section 605 provides, in pertinent part, as follows:

> Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority.
> 47 U.S.C. § 605 (1982).
> Section 605 also provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." *Id.* This provision is inapplicable here because no radio communication is involved.

**4.** The defendants' answer also raised several affirmative defenses. None of them is relevant here.

**5.** The four proven interceptions were of the following telephone conversations: a telephone conversation between Dunn and his attorney on an unspecified date in January 1984, and three conversations between Dunn and an agent of the Federal Bureau of Investigation, who was investigating Dunn's complaint that Jones had tapped his telephone, on September 7, 8 and 9, 1984. During these conversations the agent told Dunn of several convenience stores that needed video game machines.

The plaintiffs also established that Jones intercepted some telephone conversations between Dunn's wife and her sister; these were personal calls that were actionable by Mrs. Dunn, not the plaintiffs in this case.

**6.** The evidence strongly suggested that the person utilizing the wiretap was Jones.

**7.** Although the complaint alleged that Dunn had incorporated his business, as Tom's Amusement Company, Inc., in May 1984, the defendants denied that such an incorporation had ever tak-

Neither defendant moved the court for a directed verdict at the close of all of the evidence; accordingly, both plaintiffs' cases were submitted to the jury. In its charge to the jury, the court instructed the jury, without objection, that both plaintiffs could recover for each of the telephone conversations that Jones had intercepted. The jury found for both plaintiffs, and awarded them damages as follows. The jury awarded Dunn $57,500 liquidated and $50,000 punitive damages against both the Telephone Company and Jones Vending Company on count one; it awarded Dunn no damages against the Telephone Company, and $25,000 damages [8] against Jones Vending Company on count two. The jury awarded Tom's Amusement Company, Inc., $57,500 liquidated and $25,000 punitive damages against both defendants on count one; it awarded the corporation no damages against the Telephone Company, and $75,000 damages [9] against Jones Vending Company on count two. Neither defendant moved for judgment notwithstanding the verdict, such a motion being barred by Fed. R.Civ.P. 50(b). Nor did they move the court for a new trial.

The defendants now appeal, seeking reversal on several grounds. Only two grounds have merit and are worthy of discussion.[10] The first is that 47 U.S.C. § 605, on which count two is based, provided the appellees no cause of action. The appellants therefore ask us to invoke the plain error doctrine and set aside the verdicts returned under that statute. The second ground is that the jury awarded the appellees damages for interceptions that did not take place. The appellants ask us to set

aside these damages, also on the basis of plain error.

## II.

■ The standard of review for these claims is plain error since the appellants failed to move for a directed verdict at the close of the evidence and, following the return of the jury's verdicts, for judgment notwithstanding the verdicts. Under this standard, an appellate court cannot examine the sufficiency of the evidence supporting the jury's verdict. Instead, it may only "inquire into whether *any* evidence supported submission of the issue ... [and] whether the trial court committed plain error which, if not noticed, would result in a manifest miscarriage of justice." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1437 (11th Cir.1983). With this standard in mind, we address the two arguments for reversal cited above.

## A.

■ Section 605 of title 47 of the United States Code prohibits any person involved in the reception or transmission of an interstate or foreign wire or radio communication from divulging or publishing "the existence, contents, substance, purport, effect, or meaning" of such a communication except under certain circumstances.[11] Jones Vending Company was not, at the time of the interceptions in this case, engaged in the reception or transmission of interstate or foreign wire communications; hence, the appellees had no cause of action against it under the statute.[12] We believe

en place, thus requiring Tom's Amusement Company, Inc. to prove its existence at trial.

8. The jury's verdict does not indicate whether these were compensatory or punitive damages.

9. The jury's verdict does not indicate whether these were compensatory or punitive damages.

10. The appellants also raised claims that the trial court misinterpreted the provisions of 18 U.S.C. § 2520 and 47 U.S.C. § 605, that the appellant corporations were incapable of ratifying the illegal acts of its agent, Jones, and that several evidentiary errors made by the district court constituted an abuse of discretion.

11. *See supra* note 3.

12. Appellees contend that 47 U.S.C. § 605 creates by implication a cause of action against anyone who intercepts a wire communication. Their contention has no basis in the language of the statute. As we observe in note 3, *supra*, section 605 only proscribes the interception and publication of *radio* communications. When the section was enacted in 1934, it also proscribed the interception and publication of wire communications, *see* Communications Act of 1934, ch. 652, § 605, 48 Stat. 1064, 1103; in 1968, however, Congress amended the statute to remove the interception of wire communications from its purview, limiting its coverage to

that it would be plain error to permit the verdicts awarded against Jones Vending Company on count two to stand and accordingly set them aside.

The Telephone Company, though, was obviously engaged in the sort of activity covered by section 605. No damages were assessed against the Telephone Company under section 605, however; consequently, we need not address appellants' argument that the statute provides no civil damages remedy for the injuries the appellees sustained.

## B.

■ Section 2520 of title 18 of the United States Code gives "any person whose [telephonic] communication is intercepted ... a civil cause of action against" the interceptor. Such person may recover "actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher" [13] and punitive damages.[14] We interpret this language to mean that a plaintiff can recover actual damages in an unlimited amount for each telephone communication that is intercepted, or he can recover liquidated damages. In the latter case, he can recover $100 for each day that the defendant intercepts a phone call or $1,000, regardless of the number of days involved.

■ Each interception creates a discrete cause of action under section 2520. In this case, as we have noted, Dunn, doing business as Tom's Amusement Company, sought damages for business calls monitored by the appellants between September 3, 1983 and May 1984; Tom's Amusement Company, Inc. sought damages for calls monitored between May 1984 and April 5, 1985. Dunn introduced evidence sufficient for a jury to find that Hoke Jones, acting for the appellants, monitored four of Dunn's business calls, each on a separate day, in January and September 1984.[15] Dunn did not seek actual damages as a result of these interceptions; accordingly, he was entitled to recover liquidated damages of $1,000 because that sum was greater than $400 ($100 for each of the four days involved). The jury's verdict, however, gave Dunn $57,500 in liquidated damages against each of the appellants; this award suggests that the jury found that Jones intercepted at least one of Dunn's telephone calls on 575 days.[16] Since no evidence existed to support a finding that calls were intercepted on 571 of those days, the jury's verdict against each appellant must be reduced to $1,000.[17]

■ As noted, the jury also awarded the corporate appellee, Tom's Amusement Company, Inc., $57,500 in liquidated damages against each appellant. These awards, together with the $25,000 punitive damages awards returned against each appellant, must be set aside because the corporate appellee failed to prove its exist-

---

the interception of radio communications. *See* Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90-351, §§ 801-803, 82 Stat. 197, 211-25.

**13.** In 1986, Congress increased the $1,000 figure in section 2520(2)(a) to $10,000. *See* 18 U.S.C. § 2520(c)(2)(B) (Supp. IV 1986). This amendment is inapplicable here because all of the proven interceptions took place in 1984.

**14.** *See supra* note 2.

**15.** *See supra* note 5. Each of these interceptions should have been listed as a separate count in the complaint. Fed.R.Civ.P. 10(b).

**16.** The time period covered by the wiretap described in the complaint, September 3, 1983 to April 5, 1985, was approximately 575 days.

**17.** In their briefs, appellants claim that the district court erred in not making them jointly and severally liable for the liquidated damage awards under section 2520, arguing that they were acting as a single entity when, through Jones, they intercepted the telephone conversations. Appellants did not object to the court's charge to the jury, which authorized the jury to find that appellants were acting alone; nor did appellants object to the court's judgments, which would allow appellees to collect the full amount of the damages awarded by the jury against each appellant. Appellants should have presented this claim to the district court; accordingly, we examine it only for plain error. We find no plain error since there was evidence from which a jury could have found that appellants were not acting as a single entity. *See Thomas v. Booker,* 784 F.2d 299, 307-08 (8th Cir.) (en banc), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).

**1583**

ence. In the face of appellants' denial that Dunn had incorporated his business, the fact of incorporation became an essential element of Tom's Amusement Company, Inc.'s claims. In sum, there was no evidence on which the jury could have predicated a verdict for the corporation.

We now turn to the question of the $50,000 in punitive damages the jury gave Dunn, doing business as Tom's Amusement Company, against each appellant under section 2520. The appellants argue that a portion of these damages must have been attributable to interceptions that the evidence failed to establish. We reject this argument because the possibility exists that the jury awarded the punitive damages on the basis of the first interception standing alone. Thus, since *some* evidence exists to support such an award, we cannot set aside these damages under a plain error analysis.

In summary, we reverse the judgments entered in favor of Tom's Amusement Company, Inc. and direct the district court to enter judgment for appellants. We also reverse the judgment entered in favor of William T. Dunn, doing business as Tom's Amusement Company, on count two. The judgments entered in favor of William T. Dunn, doing business as Tom's Amusement Company, on count one are vacated, and the district court is directed to grant Dunn judgment against the respective appellants in the sum of $1,000 plus the punitive damages the jury awarded against them.

AFFIRMED in part, REVERSED in part, and VACATED in part.